1  PHILLIP A. TALBERT
   United States Attorney
2  ROBERT C. ABENDROTH
   Assistant United States Attorney
3  CAILY NELSON
   Special Assistant United States Attorney
4  501 I Street, Suite 10-100
   Sacramento, CA 95814
5  Telephone: (916) 554-2700
   Facsimile:  (916) 554-2900
6
7  Attorneys for Plaintiff
   United States of America

**FILED**
May 23, 2024
CLERK, U.S. DISTRICT COURT
EASTERN DISTRICT OF CALIFORNIA

**SEALED**

IN THE UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>                    Plaintiff,<br><br>          v.<br><br>DONALD ULYSSES MAXWELL, and<br>NATASHA ELIZABETH POE-CARPENTER,<br>   aka "Natasha Maxwell"<br><br>                    Defendants. | CASE NO. 2:24-cr-0140 DAD<br><br>21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine and Fentanyl; 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Methamphetamine; 21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Fentanyl (2 counts); 21 U.S.C. § 853(a) – Criminal Forfeiture |

I N D I C T M E N T

COUNT ONE: [21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine and Fentanyl]

The Grand Jury charges: T H A T

DONALD ULYSSES MAXWELL and
NATASHA ELIZABETH POE-CARPENTER,

defendants herein, beginning on an unknown date but no later than on or about July 23, 2023 and continuing through on or about May 1, 2024, in the Counties of Tehama and Shasta, State and Eastern District of California, and elsewhere, did conspire and agree with each other, and other individuals both known and unknown to the Grand Jury, to knowingly and intentionally distribute and possess with intent to distribute at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, and at least 40 grams of a mixture and substance

INDICTMENT                          1

containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propenamide, commonly known as fentanyl, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Sections 846 and 841(a)(1).

COUNT TWO: [21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Methamphetamine]

　　　　The Grand Jury further charges: T H A T

　　　　　　　　DONALD ULYSSES MAXWELL and
　　　　　　　　NATASHA ELIZABETH POE-CARPENTER,

defendants herein, on or about July 23, 2023, in the County of Tehama, State and Eastern District of California, did knowingly and intentionally possess with intent to distribute at least 500 grams of a mixture and substance containing a detectable amount of methamphetamine, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT THREE: [21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Fentanyl]

　　　　The Grand Jury further charges: T H A T

　　　　　　　　DONALD ULYSSES MAXWELL and
　　　　　　　　NATASHA ELIZABETH POE-CARPENTER,

defendant herein, on or about July 23, 2023, in the County of Tehama, State and Eastern District of California, did knowingly and intentionally possess with intent to distribute at least 40 grams of a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propenamide, commonly known as fentanyl, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

COUNT FOUR: [21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Fentanyl]

　　　　The Grand Jury further charges: T H A T

　　　　　　　　DONALD ULYSSES MAXWELL,

defendant herein, on or about March 14, 2024, in the County of Shasta, State and Eastern District of California, did knowingly and intentionally possess with intent to distribute a mixture and substance containing a detectable amount of N-phenyl-N-[1-(2-phenyl-ethyl)-4-piperidinyl] propenamide, commonly known as fentanyl, a Schedule II Controlled Substance, in violation of Title 21, United States Code, Section 841(a)(1).

**FORFEITURE ALLEGATION:** [21 U.S.C. § 853(a) – Criminal Forfeiture]

1. Upon conviction of one or more of the offenses alleged in Counts One through Four of this Indictment, defendants DONALD ULYSSES MAXWELL and NATASHA ELIZABETH POE-CARPENTER shall forfeit to the United States pursuant to Title 21, United States Code, Section 853(a), the following property:

    a. Any real or personal property, which constitutes or is derived from any proceeds obtained, directly or indirectly, as a result of such offenses; and any property used, or intended to be used, in any manner or part to commit or to facilitate the commission of the offenses.

    b. A sum of money equal to the total amount of proceeds obtained as a result of the offenses, for which defendant is convicted.

2. If any property subject to forfeiture, as a result of the offenses alleged in Counts One through Four of this Indictment, for which defendant is convicted:

    a. cannot be located upon the exercise of due diligence;

    b. has been transferred or sold to, or deposited with, a third party;

    c. has been placed beyond the jurisdiction of the Court;

    d. has been substantially diminished in value; or

    e. has been commingled with other property which cannot be divided without difficulty;

it is the intent of the United States, pursuant to Title 21, United States Code, Section 853(p), to seek forfeiture of any other property of defendant, up to the value of the property subject to forfeiture.

A TRUE BILL.

/s/ Signature on file w/AUSA

FOREPERSON

PHILLIP A. TALBERT
United States Attorney

No. 2:24-cr-0140 DAD

# UNITED STATES DISTRICT COURT

*Eastern District of California*

*Criminal Division*

THE UNITED STATES OF AMERICA
vs.

DONALD ULYSSES MAXWELL
NATASHA ELIZABETH POE-CARPENTER
aka "NATASHA MAXWELL"

I N D I C T M E N T

**VIOLATION(S):**
21 U.S.C. §§ 846, 841(a)(1) – Conspiracy to Distribute and Possess with Intent to Distribute Methamphetamine and Fentanyl;
21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Methamphetamine;
21 U.S.C. § 841(a)(1) – Possession with Intent to Distribute Fentanyl (2 Counts);
21 U.S.C. § 853(a) – Criminal Forfeiture

*A true bill,*

/s/ Signature on file w/AUSA

_____
*Foreman.*

*Filed in open court this* 23rd *day of* May, A.D. 20 24

/s/ Shelly Her
_____
*Clerk.*

Bail, $ No bail bench warrant as to both defendants.

May 23, 2024

_____
DEBORAH BARNES
UNITED STATES MAGISTRATE JUDGE

GPO 863 525

2:24-cr-0140 DAD

United States v. MAXWELL, et al.
Penalties for Indictment

**Defendants**
DONALD ULYSSES MAXWELL
NATASHA ELIZABETH POE-CARPENTER

**COUNT 1:**     **ALL DEFENDANTS**

VIOLATION:     21 U.S.C. §§ 846, 841(a)(1) - Conspiracy to distribute over 500 grams of a mixture or substance containing methamphetamine

PENALTIES:     Mandatory minimum of 10 years in prison and up to life in prison; or
Fine of up to $10,000,000; or both fine and imprisonment
Supervised release of at least 5 years and up to life

SPECIAL ASSESSMENT: $100 (mandatory)

**COUNT 2:**     **ALL DEFENDANTS**

VIOLATION:     21 U.S.C. § 841(a)(1) - Possession with intent to distribute over 500 grams of a mixture or substance containing methamphetamine

PENALTIES:     Mandatory minimum of 10 years in prison and up to life in prison; or
Fine of up to $10,000,000; or both fine and imprisonment
Supervised release of at least 5 years and up to life

SPECIAL ASSESSMENT: $100 (mandatory)

**COUNT 3:**     **ALL DEFENDANTS**

VIOLATION:     21 U.S.C. § 841(a)(1) - Possession with intent to distribute over 40 grams of a mixture or substance containing fentanyl

PENALTIES:     Mandatory minimum of 5 years in prison and up to 40 in prison; or
Fine of up to $5,000,000; or both fine and imprisonment
Supervised release of at least 4 years and up to life

SPECIAL ASSESSMENT: $100 (mandatory)

| | |
|---|---|
| **COUNT 4:** | **DONALD ULYSSES MAXWELL** |
| VIOLATION: | 21 U.S.C. § 841(a)(1) - Possession with intent to distribute a mixture or substance containing fentanyl |
| PENALTIES: | Up to 20 years in prison; or<br>Fine of up to $1,000,000; or both fine and imprisonment<br>Supervised release of at least 3 years and up to life |

SPECIAL ASSESSMENT: $100 (mandatory)

| | |
|---|---|
| **FORFEITURE ALLEGATION:** | **ALL DEFENDANTS** |
| VIOLATION: | 21 U.S.C. § 853(a) - Criminal Forfeiture |
| PENALTIES: | As stated in the charging document |